IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60270
Summary Calendar
_____


TODD SHIPYARDS CORPORATION and
AETNA CASUALTY & SURETY CO.,

                                          Petitioners,

versus

THOMAS HAMILTON, DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR,

                                          Respondents.
_____

On Appeal from the Benefits Review Board
United States Department of Labor
(92-2290)
_____
January 16, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     This is an appeal from a decision and order of the Benefits
Review Board (the "Board"), adjudicating a claim under the
Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 et
seq (the "Act").  Having reviewed the record, briefs of the
parties, and supporting memoranda, we conclude that the Board's
review of the administrative law judge's (the "ALJ") careful
decision was correct on each issue appealed by the employer, and we
therefore affirm.

_____

     [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

In this appeal the employer, Todd Shipyards ("Todd"), appeals the ALJ's finding--and the Board's subsequent affirmance of that finding--of the amount of Thomas Hamilton's ("Hamilton") average weekly wage preceding his on-the-job injury, as well as its finding of post-injury wage-earning capacity.

As to the pre-injury average weekly wage, Todd argues that the ALJ should have applied subsection 10(c) of the Act, instead of subsection 10(a). Todd contends that subsection 10(a) unnaturally inflated Hamilton's theoretical wage earning capacity at the time of his injury, because Hamilton worked only 188 days (37.6 weeks) of the previous year. Hamilton worked less than the full year because Todd laid him off due to a reduction in force.

Subsections 10(a) and 10(c) read in pertinent part as follows:

(a) If the injured employee shall have worked in the employment in which he was working at the time of the injury . . . during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of . . . two hundred and sixty times the average daily wage or salary for a five-day worker, which he shall have earned in such employment during the days when so employed.

* * *

(c) If [subsection (a) or (b)] cannot reasonably and fairly be applied, such average annual earnings shall be such sum as, having regard to the previous earnings of the injured employee in the employment in which he was working at the time of the injury, and of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, or other employment of such employee, including

> the reasonable value of the services of the employee if engaged in self-employment, shall reasonably represent the annual earning capacity of the injured employee.

33 U.S.C. § 910(a),(c).  Citing earlier published Board decisions and Fifth Circuit cases where section 10(a) had been applied to claimants who had worked less days than Hamilton the year before their injuries, the ALJ held that subsection (a) was applicable in this case because Hamilton worked substantially the whole of the year preceding his injury, and because Hamilton's job with Todd was permanent in nature.  We must affirm the Benefits Review Board's decision if it correctly concluded that the ALJ's findings were supported by substantial evidence and are in accordance with the law.  Avondale Shipyards, Inc. v. Guidry, 967 F.2d 1039, 1042-43 (5th Cir. 1992).  Under this standard of review, we find that the Board's decision should be affirmed.

B

Todd also contends that the Board erred as a matter of law when it affirmed the ALJ's finding as to Hamilton's current wage earning capacity.  Based on its conclusion that Hamilton reached maximum medical improvement in June 1987, the ALJ utilized Hamilton's earnings in 1987, 1988, and 1989 to ascertain his current wage earning capacity.  We have reviewed the calculations of the ALJ, and find that it considered the proper factors in determining Hamilton's post-injury wage-earning capacity. Although reasonable minds could differ in their conclusion as to the proper award, the ALJ has significant discretion in fashioning a

-3-

reasonable post-injury wage-earning capacity for the injured worker. <u>Louisiana Ins. Guar. Ass'n v. Abbott</u>, 40 F.3d 122, 129 (5th Cir. 1994). The Board concluded on appeal that the ALJ's determination was supported by substantial evidence, and our review of the record reveals no reason to disagree.

## II

Because it correctly concluded that the ALJ's compensation order was supported by substantial evidence on the record as a whole, and that it was in accordance with the law, the decision of the Benefits Review Board is

A F F I R M E D.